UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Rhonda Corine Burton, ) | Civil Action No.: 2:17-cv-01595-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Rhonda Corine Burton has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI"). This matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02(B)(2)(a) and 83.VII.02 (D.S.C.). [ECF # 23]. The Magistrate Judge recommends that the Court remand the matter back to the Commissioner for further proceedings. This Court has thoroughly reviewed the record in this case and now issues the following Order.

**Statement of Facts and Procedural History**

Plaintiff was born on October 26, 1971 and was twenty-seven years old on the date of the alleged onset of disability. Plaintiff initially applied for supplemental security income ("SSI") on October 24, 2013, alleging a disability date of January 1, 1998. She alleges she became disabled due to obesity, gastroparesis, status post fusion of the lumbar spine, anxiety, panic disorder, and major depressive disorder, among other ailments. [ECF #14]. Throughout the course of the time period covered in this action, Dr. Leah Trantham of Goose Creek Family Practice has been Plaintiff's primary

physician. Plaintiff's medical history is extensively documented in the record. Briefly stated, Plaintiff suffers from depression, anxiety, obesity and nausea that she has been treated for since 2012. [ECF #9-9, Ex. 5F]. In April of 2013, Plaintiff began receiving treatment for abdominal pain. Testing in July of 2013 revealed esophagitis, gastroparesis, and a small hiatal hernia. [ECF #9-7, Ex. 2F]. Plaintiff's issues with gastroparesis continued after this time. In August of 2013, Plaintiff was also diagnosed with diabetes. On October 7, 2013, after Plaintiff was sent for issues related to nausea, she was diagnosed with diabetic gastroparesis, getting progressively worse. [ECF #9-8, Ex 4F]. In addition to the persistence of these problems, her mental health issues continued. Dr. Trantham noted in one record that Plaintiff's low back pain issue were currently on the backburner due to her other issues. Dr. Trantham felt strongly that Plaintiff needed a psychiatric evaluation. [ECF #9-9, Ex. 5F]. Devin Black, B.S. provided treatment to Plaintiff in November of 2014, noting that Plaintiff had major depressive disorder, panic disorder and generalized anxiety disorder. [ECF #9-10, Ex. 15F]. Plaintiff continued treatment for these conditions, as well as for other conditions, during the course of the next few years.

After obtaining an unfavorable decision from the Administrative Law Judge on May 26, 2016, Plaintiff requested a review from the Appeals Council, but this request was denied, making the ALJ's decision the final decision of the Commissioner. [ECF #17, p. 2].

The ALJ's findings were as follows:

> (1) The claimant has not engaged in substantial gainful activity since October 24, 2013, the application date (20 CFR 416.971 *et seq.*).
>
> (2) The claimant has the following severe impairments: obesity, gastroparesis, status post fusion of the lumbar spine, anxiety, panic disorder, and major depressive disorder (20 C.F.R. 404.920(c)).
>
> (3) The claimant does not have an impairment or combination of

2

impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. She can have no exposure to unprotected heights. The claimant must avoid concentrated exposure to dusts, odors, fumes, pulmonary irritants, extreme cold, and extreme heat. She is limited to the performance of simple, routine tasks. The claimant can interact and respond appropriately to supervisors, coworkers, and the public on an occasional basis. The claimant's use of judgment and ability to deal with changes in the work setting are limited to simple, work-related decisions. In addition to normal breaks, the claimant is expected to be off task up to 10 percent of the time in an 8-hour workday. She requires a sit/stand option defined as a brief postural change at or near the work station up to a maximum duration of 5 minutes twice in one hour.

(5) The claimant has no past relevant work (20 CFR 416.965).

(6) The claimant was born on October 26, 1971, and was 41 years old, which is defined as a younger individual age 18-44, on the date the application was filed. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 416.963).

(7) The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act, from October 24, 2013, the date the application was filed (20 CFR 416.920(g)).

[ECF #9-2, pp. 12-27].

On June 19, 2017, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #13, ECF #14], and the Magistrate Judge issued a Report and Recommendation ("R&R") on December 10, 2018, recommending that the Commissioner's decision be remanded to the Commissioner. [ECF #17]. The Magistrate Judge determined that the ALJ did not adequately evaluate the combined effect of Plaintiff's multiple impairments in determining the RFC. [ECF #17, p. 8]. The Commissioner filed objections on December 21, 2018. [ECF #18]. The Commissioner objects to remanding this case, arguing that the ALJ already considered Plaintiff's multiple impairments in discussing the hearing decision. [ECF #18, pp. 2-3]. Plaintiff replied to the Commissioner's objections on January 1, 2019. [ECF #20].

**Standard of Review**

**I.     Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached

4

through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.     The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*,

718 F.2d 198, 200 (4th Cir. 1983).

## Applicable Law

Under the Act, Plaintiff's eligibility for the sought-after benefits hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it then becomes necessary to determine whether the claimant can perform some

other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors.

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether she has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing past relevant work;[2] and (5) whether the impairment prevents her from doing substantial gainful activity. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, she will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that her impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

7

C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing her inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). Once an individual has made a prima facie showing of disability by establishing the inability to return to past relevant work, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a vocational expert demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to past relevant work. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that she is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

## Analysis

In her initial brief, Plaintiff argues that the ALJ failed to evaluate the combined effect of her multiple impairments and failed to properly evaluate the opinions of the treating physicians and other sources, such that the hearing decision was not supported by substantial evidence. [ECF #13]. After reviewing Plaintiff's arguments, along with Commissioner's responses, the Magistrate Judge recommended remanding this matter back to the Commissioner because she found that the ALJ's opinion does not reflect an adequate assessment or evidence of consideration of the combined effect of all of Plaintiff's impairments. [ECF #17]. Based on this recommendation, the Magistrate Judge recommends remanding this case so that the ALJ can consider what effect, if any, there is on the RFC with respect to Plaintiff's combination of impairments, as well as consider the remaining issue Plaintiff raised regarding the opinions of the treating physicians and other sources. The Commissioner filed an

8

objection to the R&R.

The Commissioner objects to the Magistrate Judge's determination that the matter should be remanded to allow the ALJ to properly consider any impact on Plaintiff's RFC after considering the combination of Plaintiff's multiple impairments. The Commissioner argues that the ALJ did indeed address all of Plaintiff's impairments and expressly considered how all of Plaintiff's symptoms impacted her ability to work, thereby considering the combined effect of all such impairments. The Commissioner also points to the RFC to argue that the limitations within the RFC reflect the fact that it accounts for more than one impairment. Further, the Commissioner expressly honed in on the analysis by the Magistrate Judge that the records shows that Plaintiff's mental impairments and gastroparesis may have affected each other, evidence that the failure to consider the combination of impairments was not harmless error. The Commissioner argues that the objective evidence shows that Plaintiff only suffered from "mildly delayed gastric emptying," thereby suggesting that the limitation was not as severe as alleged. In response, Plaintiff points out that despite the Commissioner's statement that the ALJ expressly considered Plaintiff's combination of impairments, post hoc explanation of the decision does not suffice. Further, Plaintiffs argues that to the extent the Commissioner argues that her gastroparesis was "mild," this is irrelevant because the ALJ has already found that this condition was a "severe" impairment.

The Fourth Circuit has consistently held that when evaluating the effect of various impairments upon a disability benefit claimant, the combined effect of a claimant's impairments must be considered. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Disability may result from a number of impairments whose total effect, when taken together, render the claimant unable to engage in substantial gainful activity. *Id.* This, in turn, requires the ALJ to adequately explain or evaluate the combined effects of the

impairments, rather than fragmentize them. *Id.* (citing *Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir. 1985). However, as argued by the Commissioner, the adequacy requirement reiterated in *Walker* is met "if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments." *Brown v. Astrue*, No 0:10-CV-01584, 2012 WL 3716792, at *6-*7 (D.S.C. Aug. 28, 2012). Plaintiff is tasked with showing that the Commissioner's decision could have a different outcome if he or she had done an adequate combined effect analysis, rather than a "fragmentized" analysis of the multiple impairments. *Brown*, 2012 WL 3716792, at *6 (citing *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994)); *Morgan v. Barnhart*, 142 F. App'x 716, 724 (4th Cir. 2005).

Here, this Court agrees with the Magistrate Judge that it is simply unclear whether the ALJ considered the effect of Plaintiff's combined impairments. Additionally, this Court cannot say this error was harmless because Plaintiff suffered from several severe impairments which, when combined, could impact the RFC assessment. The Magistrate Judge noted that medical evidence within the record indicated that Plaintiff's gastroparesis and mental impairments were related. In the response, Commissioner argues that objective evidence suggests that Plaintiff's gastroparesis was mild; however, the ALJ already determined that it was a severe impairment. The Commissioner cites to prior case law to support the argument that the Magistrate Judge seeks to impose upon the ALJ a greater level of articulation than is required. This Court has reviewed *Cox v. Colvin* and finds that the decision actually supports the recommendation of the Magistrate Judge in this case. *See Cox v. Colvin*, No. 9:13-cv-2666-RBH, 2015 WL 1519763, at *6 (D.S.C. Mar. 31, 2015). In *Cox*, this Court considered whether the adequacy requirement in *Walker* was met in considering whether the ALJ properly considered the claimant's combined impairments. The ALJ in that case considered Plaintiff's symptoms, explained how

each impairment and symptom factored into the RFC determination, and found that reading the entire decision as a whole, it was clear that the ALJ considered the combination of all impairments. This Court agrees with the Magistrate Judge that the same cannot be said of the decision in this case.

While the ALJ did give an explanation of the medical history after stating the RFC determination, he did not explain how all impairments factored into the RFC or how the impairments affected the RFC. Nor did he provide a statement, boilerplate or otherwise, saying the impairments were considered in combination. While the Commissioner encourages the Court to find that the ALJ analyzed the symptoms in this manner, this Court refrains from engaging in such post-hoc rationalization of the decision. *See Bray v. Commissioner*, 554 F.3d 1219, 1225 (9th Cir. 2009)(noting the long-standing principle in administrative law to avoid post hoc rationalizations that seek to infer what the adjudicator may have been thinking). This Court thus agrees with the Magistrate Judge that this case should be remanded for the ALJ to conduct an additional analysis regarding Plaintiff's impairments in combination.

This Court notes that neither Plaintiff nor Commissioner objected to the Magistrate Judge's recommendation that as part of the overall reconsideration of the claim, the ALJ should take into consideration any additional allegation raised by Plaintiff in this case. Plaintiff alleged that the ALJ erred in the assessment of the opinions of the treating physicians. This Court finds no clear error in this recommendation. Accordingly, because this Court is remanding this matter back to the Commissioner, this Court also finds that the ALJ should make appropriate findings as to this allegation as well, to the extent that determination is impacted by the analysis regarding the combination of impairments.

## **Conclusion**

The Court has thoroughly considered the entire record as a whole, including the administrative

transcript, the briefs, the Magistrate Judge's R & R, the objections, and the applicable law. For the above reasons, the Court adopts the Magistrate Judge's recommendation. [ECF #17]. The Court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner to reconsider the evidence of record consistent with the findings in this Order.

**IT IS SO ORDERED.**

Florence, South Carolina
January 17, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge